IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50086
Summary Calendar
_____

JAMES MONTANYA, JR.,

                                        Plaintiff-Appellant,

versus

JAMES D. EASLEY, Captain; JOHN DOE, Correctional Officer #1;
ALBERT CULLARS, Correctional Officer #2; JOHN DOE, Correctional
Officer #3; JOHN DOE, Correctional Officer #4,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-12
--------------------
May 25, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    A jury returned a verdict against James Montanya, Jr., Texas

prisoner no. 593707, in a civil rights action brought against two

named correction officers and three "John Doe" correction

officers under 42 U.S.C. § 1983.  The district court denied

Montanya leave to appeal in forma pauperis ("IFP") and certified

that the appeal would be frivolous and not taken in good faith

under § 1915(a)(3) and Fed. R. App. P. 24(a).  Montanya now seeks

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

leave from this court to appeal IFP. See Baugh v. Taylor, 117 F.3d 197 (5th Cir. 1997).

Montanya argues that he was denied adequate discovery in the district court. The discovery rulings which he seeks to appeal were issued by the magistrate judge, and Montanya did not file timely objections to those orders with the district court. Therefore he may not now appeal the magistrate judge's orders. See Fed. R. Civ. P. 72. Further, even if Montanya had preserved his appeal of the orders, he has chosen not to provide this court with an adequate record to enable us to determine the merits of his discovery claims or any prejudice he may have suffered due to a denial of discovery. See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1394 (5th Cir. 1994) (appellant must show prejudice resulting from denial of discovery). Montanya's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, Montanya's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See 5th Cir. R. 42.2.

In addition to the dismissal of this appeal as frivolous, one of Montanya's prior civil rights action was dismissed as frivolous. See Montanya v. McGranahan, 184 F.3d 818 (table), No. 98-11288 (5th Cir. June 17, 1999). The prior dismissal and this dismissal each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Montanya is warned that if he accrues three strikes he will not

be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Montanya has also filed a "Notice of Scrivener's Error," which we construe as a motion to correct the brief. In light of the dismissal of the appeal, the motion-to-correct is DENIED.

MOTION TO PROCEED IN FORMA PAUPERIS DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED; ALL OUTSTANDING MOTIONS DENIED.